Stephen W. NEWTON, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

No. 82–1611.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1983.

Filed Feb. 23, 1983.

**420**

Kortenhof & Ely, Joseph M. Kortenhof, St. Louis, Mo., for appellee.

Hale W. Brown and Hale W. Brown, Jr., Kirkwood, Mo., for appellant.

Before HEANEY, McMILLIAN, and ARNOLD, Circuit Judges.

PER CURIAM.

This is an action under the Missouri service-letter statute, Mo.Ann.Stat. § 290.140. The question presented is whether the reason for plaintiff's discharge, stated in the service letter given to him by his employer, was sufficiently specific to comply with the statute. The District Court,* 538 F.Supp. 1035, held that the reason given was sufficiently specific, and granted summary judgment for the defendant. We affirm.

The service letter stated, in pertinent part:

> Mr. Newton was terminated ... due to improprieties in the handling of company salvage.

The District Court observed that the courts of Missouri have held that generalities do not meet the standards of the service-letter statute. A statement, for example, that an employee has given "unsatisfactory service" is insufficient. In the instant case, however, the service letter is more detailed than those involved in previous cases that have held statements of reasons for discharge insufficient. Although the letter certainly could have gone into more detail, we accept the District Court's application of Missouri law. Whether a service letter is sufficiently specific on its face is a question of law suitable for decision on motion for summary judgment. Although

plaintiff insists he should have been given a trial by jury, he suggests no evidence that could have been offered that would be material to the legal sufficiency of the letter.

The judgment is affirmed.

---

* The Hon. James H. Meredith, Senior United States District Judge for the Eastern District of Missouri.